**No. 41020.**—Protest 927113–G of M. Pressner & Co. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 38680 the metal banks in question were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 41021.**—Protests 921698–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of money box, utility box, tooth brush holder, razor case, banks, curling iron, marcel iron, and shaving brush holder, chiefly used in the household for utilitarian purposes. The claim at 40 percent under paragraph 339 was therefore sustained. Dow v. United States (21 C. C. P. A. 282, T. D. 46816), United States v. Friedlaender (id. 103, T. D. 46445), and Abstract 38680 cited.

**No. 41022.**—Protests 833626–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel marcel irons and paper weights chiefly used in the household for utilitarian purposes were held dutiable at 40 percent under paragraph 339. Abstract 38680 and Woolworth v. United States (26 C. C. P. A. 221, C. A. D. 20) cited. Brass base shells similar to those the subject of Abstract 37615 were held dutiable at 35 percent under paragraph 353.

**No. 41023.**—Protests 510189–G, etc., of Henry Kayser & Fils, Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel baskets, atomizers, pots, pitchers, candlesticks, vases, bowls, kettles, boxes, trays, cups, and watering cans, chiefly used in the kitchen, on the table, or in the household for utilitarian purposes were held dutiable at 40 percent under paragraph 339. United States v. Friedlaender (21 C. C. P. A. 103, T. D. 46445), Dow v. United States (id. 282, T. D. 46816), and Rice v. United States (T. D. 49373) cited.

**No. 41024.**—Protests 310694–G, etc., of J. E. Bernard & Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the atomizers and droppers in question are chiefly used in the household for utilitarian purposes. The claim at 40 percent under paragraph 339 was therefore sustained. Rice v. United States (T. D. 49373) cited.